# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| COREY J. BOELTER and JENNIFER L. BOELTER, § § §<br>*Plaintiffs* § §<br>v. §<br>§<br>US BANK TRUST NATIONAL §<br>ASSOCIATION *as Owner Trustee for* §<br>VRMTG ASSET TRUST, FAY §<br>SERVICING, LLC, MORTGAGE §<br>ELECTRONIC REGISTRATION §<br>SYSTEMS, INC., and DOES 1-20, §<br>*Defendants* § | CASE NOS. 1:22-CV-01214-ADA-SH<br>1:23-CV-00272-ADA |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:** THE HONORABLE ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

Before the Court is Defendants US Bank Trust National Association as Owner Trustee for VRMTG Asset Trust, Fay Servicing, LLC, and Mortgage Electronic Registration Systems, Inc.'s Motion for Summary Judgment, filed July 11, 2023 (Dkt. 11). On April 24, 2024, the District Court referred all pending and future dispositive motions in this case to this Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 12.

### I. Background

Plaintiffs Corey J. Boelter and Jennifer L. Boelter took out a home mortgage loan for $184,500 ("Loan") from Wells Fargo Home Mortgage, Inc. on August 27, 2003. Dkt. 11-2. They executed both a note and a deed of trust secured against their home at 6029 Almelo Drive, Round Rock, Texas 78681 ("Property"). Dkts. 11-2, 11-3. On March 21, 2018, Wells Fargo Bank, N.A., as

1

successor to Wells Fargo Home Mortgage, assigned the deed of trust to Specialized Loan Servicing LLC. Dkt. 11-5. On March 2, 2021, Specialized assigned the deed of trust to Defendant US Bank Trust National Association, not in its individual capacity but solely as owner trustee for VRMTG Asset Trust ("Trustee"). Dkt. 11-6. Defendant Fay Servicing, LLC is the Trustee's mortgage servicer. Dkt. 11-7 at 2; Dkt. 11 at 3.

The Boelters have been in default on the Loan since June 1, 2018. Dkt. 11-7 at 2. The Trustee sent the Boelters a notice of default and intent to accelerate on April 8, 2022, and sent a notice of acceleration on August 17, 2022. *Id.* at 2, 6; Dkt. 11-8 at 5-6. The Trustee scheduled a nonjudicial foreclosure sale for October 4, 2022. Dkt. 11-8 at 7.

On October 3, 2022, the Boelters, proceeding *pro se*, sued the Trustee, Fay, and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") and ten "John Doe" defendants in state court. Original Petition, Dkt. 1-4. They alleged wrongful foreclosure, slander of title, violations of the Texas Deceptive Trade Practices Act ("DTPA"), slander of credit, intentional infliction of emotional distress, and fraud. *Id.* ¶¶ 20-26, 39-43. They also alleged that MERS "had no legal authority to assign Plaintiffs' mortgage." *Id.* ¶ 31. The Boelters asked the state court for a temporary restraining order enjoining the foreclosure sale. *Id.* ¶ 44.

The named Defendants removed the case to this Court based on diversity jurisdiction. Dkt. 1. They alleged that the Boelters are citizens of Texas, Trustee is a citizen of Delaware, and MERS is a citizen of Delaware and Virginia. *Id.* at 3. Defendants alleged that Fay Servicing is a citizen of Texas, among other states, but is improperly joined. *Id.*

The Boelters filed a second suit in state court on February 27, 2023 against Fay and twenty "John Doe" defendants, alleging similar facts related to improper mortgage servicing. *Boelter v. Fay Servicing, LLC*, No. 1:23-CV-00272-ADA (W.D. Tex. Mar. 13, 2023) ("Member Case"). In

their second suit, the Boelters, again proceeding *pro se*, alleged intentional infliction of emotional distress, slander of title, violations of the DTPA, slander of credit, that Fay and the Doe Defendants did not have the right to foreclose, and violations of the Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA").[1] *Id.* at Dkt. 1-4 at 6-12. Fay removed the case to this Court on March 13, 2023 based on federal question jurisdiction. *Id.* at Dkt. 1 at 3.

The Court consolidated the cases on March 30, 2023. Dkt. 5. The named Defendants filed this motion for summary judgment as to all claims on July 11, 2023. Dkt. 11. A response was due July 25, 2023, but the Boelters have failed to respond. Local Rule CV-7(d).

## II.     Legal Standards

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508.

Once the moving party has shown the absence of a genuine issue of material fact, the party opposing the motion must come forward with competent summary judgment evidence of the

---

[1] The caption names "Does 1 through 10, inclusive," but the body of the petition names "Does 1-20." Member Case, Dkt. 1-4 at 2. "Although the caption may serve as a guide, courts look to the body of the complaint to determine the parties." *Abecassis v. Wyatt*, 902 F. Supp. 2d 881, 911 (S.D. Tex. 2012).

existence of a genuine fact issue. *Matsushita*, 475 U.S. at 585 n.10, 586-87. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

A court cannot grant a motion for summary judgment "simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (citation omitted). But when no response is filed, "the court may accept as undisputed the facts set forth in support of the unopposed motion." *Fleet Operators, Inc. v. Nautilus Ins.*, 615 F. Supp. 3d 548, 553 (S.D. Tex. 2022).

### III.   Jurisdiction

A district court must remand a case to state court if it determines that it lacks subject matter jurisdiction at any time before final judgment. 28 U.S.C. § 1447(c). The party that removed the case "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (citation omitted).

Defendants acknowledge that the Court would lack diversity jurisdiction over the lead case as removed because Fay has a member who is a citizen of Texas, but as stated above, they argue that Fay is improperly joined. Dkt. 1 at 3.

Plaintiffs assert a claim for "slander of credit." Dkt. 1-4 ¶ 41. They allege that Defendants' actions have harmed their credit and ask for "statutory punitive damages pursuant to state and federal law." *Id.* Although the Boelters do not expressly name it, the Fair Credit Reporting Act ("FCRA") prohibits a person from furnishing "any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). Because the Boelters ask for damages

against Defendants "pursuant to state and federal law," the Court "liberally construe[s]" their *pro se* petition as asserting a claim against Defendants under the FCRA as well as for state law defamation. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

The Court has federal question jurisdiction over Plaintiffs' FCRA claim. All of Plaintiffs' factual allegations and claims relate to their mortgage and Defendants' conduct in accelerating the Loan and preparing to foreclose, so the Court may exercise supplemental jurisdiction over the state law claims because they are so related that they form part of the same case or controversy. 28 U.S.C. § 1367(a). The Court has subject matter jurisdiction.

### IV.   Analysis

Because Plaintiffs did not file a response in opposition to Defendants' motion for summary judgment, the Court accepts as undisputed the facts and evidence set forth in Defendants' motion. *Fleet Operators*, 615 F. Supp. 3d at 553.

**1. Wrongful Foreclosure**

To succeed on a claim for wrongful foreclosure under Texas law, a plaintiff must show "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011) (citation omitted). Because an inadequate selling price "is a necessary element of a wrongful foreclosure action," the foreclosure sale must actually have occurred, and Texas law does not recognize a claim for attempted wrongful foreclosure. *Id.* at 729-30. The Boelters do not allege and present no evidence that a foreclosure sale occurred, so Defendants are entitled to judgment as a matter of law.

### 2. DTPA

To prove a claim under the DTPA, a plaintiff must show that (1) the plaintiff is a consumer, (2) the defendant committed a false, misleading, or deceptive act, and (3) the defendant's wrong caused the plaintiff's damages. *Indel Food Prods., Inc. v. Dodson Int'l Parts, Inc.*, 561 F. Supp. 3d 722, 733 (W.D. Tex. 2021). For a plaintiff to be a consumer under the DTPA, "two requirements must be established. First, the person must seek or acquire goods or services by purchase or lease. Second, the goods or services purchased or leased must form the basis of the complaint." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 725 (5th Cir. 2013) (citation omitted). A "borrower of money may qualify as a consumer when the borrower's *objective* in seeking a loan is the purchase or lease of a good or service which forms the basis of the complaint." *Gonzales v. Citi Mortg., Inc.*, No. W-12-CV-302, 2013 WL 12120401, at *2 (W.D. Tex. Feb. 21, 2013). If a mortgagor uses a loan to buy a house, "servicing of a loan or a loan modification cannot support a DTPA claim because it does not involve the purchase or lease of a good or service." *Id.*

The Boelters are not consumers under the DTPA because their claims relate only to "Defendants' servicing of the loan, or [their] contention regarding a requested modification of their home loan." *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 768 (N.D. Tex. 2013) (dismissing DTPA claim). Defendants are entitled to summary judgment on this claim.

### 3. Slander of Title

A claim for slander of title requires the plaintiff to show that "the defendant made a false and malicious statement, disparaging property in which the plaintiff holds an interest, and causing special damages." *U.S. Enercorp, Ltd. v. SDC Mont. Bakken Expl., LLC*, 966 F. Supp. 2d 690, 696 (W.D. Tex. 2013) (citation omitted). A plaintiff who sues for slander of title also must plead and prove the loss of a specific sale. *Id.* Because Plaintiffs allege only that Defendants have impaired

their title and do not allege or provide any evidence for the loss of a specific sale, they have not shown facts sufficient to establish their claim for slander of title. Dkt. 1-4 ¶ 39.

### 4. Intentional Infliction of Emotional Distress[2]

To establish a claim for intentional infliction of emotional distress, a plaintiff must show that (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Hernandez v. Baylor Univ.*, 274 F. Supp. 3d 602, 622 (W.D. Tex. 2017). In Texas, "conduct associated with asserting a legal right cannot be extreme and outrageous," so "courts have rejected claims asserting intentional infliction of emotional distress where defendants simply exercised rights owed under mortgage loan documents." *Matthaei v. JP Morgan Chase Bank, Nat'l Ass'n*, No. A-14-CV-104 LY, 2014 WL 12877375, at *8 (W.D. Tex. June 9, 2014), *R. & R. adopted*, 2014 WL 12877374 (W.D. Tex. June 25, 2014).

Plaintiffs allege they have suffered emotional distress through "Defendants' attempt to fraudulently foreclose" on the Property. Dkt. 1-4 ¶ 42. The Trustee presents evidence that it was the valid assignee of the Boelters' deed of trust and that Fay operated as its mortgage servicer. Dkt. 11-6; Dkt. 11-8 at 5. Defendants also state that there is no evidence MERS was involved with the Loan or the foreclosure proceedings. Dkt. 11 at 9, 17.

Defendants have shown that the Trustee and Fay acted under their legal right to initiate foreclosure proceedings and that MERS did not act to fraudulently foreclose on the Property. The Court finds that Defendants are entitled to judgment on their claim for intentional infliction of emotional distress.

---

[2] The Boelters allege that Defendants "intentionally or negligently" caused emotional distress. Dkt. 1-4 ¶ 42. Texas does not recognize the tort of negligent infliction of emotional distress. *Harris v. Ethicon, Inc.*, No. 1:20-CV-80-RP, 2020 WL 3579829, at *2 (W.D. Tex. Mar. 6, 2020).

### 5. Fraud in the Concealment

The elements of fraud under Texas law are: (1) a material misrepresentation that (2) was false, (3) was either known to be false when made or was asserted without knowledge of its truth, (4) was intended to be acted upon, (5) was relied upon, and (6) caused injury. *Jacked Up L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 810 (5th Cir. 2017). Fraud by concealment has the same elements, "with the exception that the misrepresentation element can be proven by the nondisclosure or concealment of a material fact in light of a duty to disclose." *United Tchr. Assocs. Ins. v. Union Lab. Life Ins.*, 414 F.3d 558, 567 (5th Cir. 2005).

Defendants argue that Plaintiffs allege "no set of facts on which Plaintiffs could prevail on their fraud claim." Dkt. 11 at 13. The Boelters allege that Defendants led them "to believe an emergency loan modification was in the works" while preparing to start foreclosure proceedings, failing to "engage fairly or forthrightly in negotiations for a modification." Dkt. 1-4 ¶¶ 15, 43.

Plaintiffs offer no evidence that Defendants concealed any material fact. They establish no injury because Defendants present uncontroverted evidence that Plaintiffs were in default on the mortgage and Defendants lawfully began foreclosure proceedings, which did not result in foreclosure. Dkt. 11-1 at 2; *Moncibais v. NewRez LLC*, No. 7:22-cv-00410, 2024 WL 1743146, at *4 (S.D. Tex. Mar. 1, 2024). Plaintiffs' unsubstantiated assertions that Defendants negotiated in bad faith after they requested a loan modification do not show a genuine issue of material fact, and Defendants are entitled to summary judgment on the fraud claim. *Turner*, 476 F.3d at 343.

### 6. Fair Credit Reporting Act and Slander of Credit

The FCRA requires furnishers of credit information to provide accurate information to credit reporting agencies. *Johns v. Chase Home Fin.*, No. EP-13-CV-066-KC, 2013 WL 5201155, at *7 (W.D. Tex. Sept. 12, 2013). It is "well-established law that a plaintiff cannot maintain a private

right of action against a furnisher for alleged wrongful credit reporting until *after* the furnisher has been notified of the formal dispute" received from the credit reporting agency. *Wagner v. BBVA Bank*, No. 1:22-CV-00680, 2024 WL 1741350, at *3 (W.D. Tex. Mar. 11, 2024).

The Boelters allege that Defendants' actions "have impaired their credit." Dkt. 1-4 ¶ 41. They neither allege nor show that they disputed any inaccurate credit information provided by Defendants to a credit reporting agency, nor that a credit reporting agency notified Defendants of a dispute. Their FCRA claims fail as a matter of law.

In addition, the FCRA preempts state law defamation or negligent reporting claims unless the plaintiff consumer proves malice or willful intent to injure. *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 638 (5th Cir. 2002) (quoting 15 U.S.C. § 1681h(e)). Because the Boelters have not pled or proven any malice or intent to injure their credit by Defendants, their state law defamation claim is preempted by the FCRA.

### 7. Truth in Lending Act

Plaintiffs assert a TILA claim against Fay. Although unclear, they appear to allege Fay did not provide "accurate material disclosures required under TILA" when the Boelters agreed to their mortgage. Member Case, Dkt. 1-4 at 11. Notwithstanding that Fay was not party to the original mortgage, TILA provides that any action against a creditor for failure to make required disclosures must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "The violation 'occurs' when the transaction is consummated. Nondisclosure is not a continuing violation for purposes of the statute of limitations." *Koesler v. Beneficial Fin. I, Inc.*, 267 F. Supp. 3d 873, 886 (W.D. Tex. 2016) (citation omitted).

The Boelters executed the note on August 27, 2003, so the statute of limitations for nondisclosure ran on August 27, 2004. Dkt. 11-2 at 1. This claim is barred.

### 8. Real Estate Settlement Procedures Act

The Boelters allege that Fay violated RESPA without citing a specific provision of the statute. Member Case, Dkt. 1-4 at 12. Instead, Plaintiffs allege Fay's actions were unlawful under a test set out by the Department of Housing and Urban Development in a policy statement interpreting RESPA's prohibition against kickbacks and unearned fees in 12 U.S.C. § 2607. *Id.*; *RESPA Statement of Policy 1999-1*, 64 Fed. Reg. 10,080, 10,084 (Mar. 1, 1999). The Court construes their claim as arising under § 2607, which prohibits "kickback and referral fee arrangements whereby any payment is made, or 'thing of value' is furnished, for the referral of real estate services." *Moreno v. Summit Mortg. Corp.*, 364 F.3d 574, 576 (5th Cir. 2004) (quoting 12 U.S.C. § 2607(a)).

The Boelters allege that Fay's charges were "disproportionate" to the services it provided, but do not allege or offer evidence that Fay paid or received any kickbacks or fees in exchange for the referral of their Loan. *See* Member Case, Dkt. 1-4 at 12. Plaintiffs do not carry their burden to show that Fay paid or received kickbacks in violation of RESPA.

### 9. Claim for Declaratory Relief

Finally, Plaintiffs ask the Court to declare that Fay has no interest in the Property. Member Case, Dkt. 1-4 at 10.

The federal Declaratory Judgment Act "does not create a federal cause of action." *Harris Cnty. v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015). Because there is no genuine issue of material fact on any claim, the request for declaratory relief is not "supported by some underlying cause of action." *Reyes v. N. Tex. Tollway Auth.*, 861 F.3d 558, 565 n.9 (5th Cir. 2017).

### 10. Claims against Doe Defendants

No Doe Defendant has been served or appeared. When a defending party shows that a plaintiff has no cause of action, the defense generally inures to the benefit of a defaulting defendant as well.

*Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). This rule applies to unserved "John Doe" defendants who are similarly situated. *Walters v. Lasalle Corr.*, No. EP-22-CV-00035-KC-ATB, 2022 WL 2240467, at *4 (W.D. Tex. June 21, 2022), *R. & R. adopted*, 2022 WL 22412866 (W.D. Tex. July 28, 2022).

The Boelters made no specific allegations against the Doe Defendants in their petitions, asserting claims against the named Defendants and the Doe Defendants jointly. The Doe Defendants are similarly situated to the named Defendants, and it would be incongruous and unfair to grant summary judgment to the named Defendants and not the Doe Defendants. *Lewis*, 236 F.3d at 768. This Magistrate Judge therefore recommends that the District Court grant summary judgment for the Doe Defendants on all claims.

## V.    Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendants US Bank Trust National Association as Owner Trustee for VRMTG Asset Trust, Fay Servicing, LLC, and Mortgage Electronic Registration Systems, Inc.'s Motion for Summary Judgment (Dkt. 11).

This Magistrate Judge **FURTHER RECOMMENDS** that the District Court **GRANT** summary judgment for Defendants John Does 1-20 and **ENTER FINAL JUDGMENT** for all Defendants in Lead Case *Boelter v. US Bank Trust National Association*, No. 1:22-cv-1214-ADA-SH, and Member Case *Boelter v. Fay Servicing, LLC*, No. 1:23-CV-00272-ADA.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Alan D. Albright.

### VI.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 4, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE